**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANDREW JOE BOUYER,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:09-CV-275-Y |
| § | | |
| **NATHANIEL QUARTERMAN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Andrew Joe Bouyer, TDCJ # 1424355, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

On March 8, 2007, pursuant to a plea bargain agreement, Bouyer entered a plea of guilty to

aggravated robbery with a deadly weapon and a plea of true to the repeat offender notice in the indictment in Case No. 1013578D in the 297th District Court of Tarrant County, Texas, and was sentenced to fifteen years' confinement. (State Habeas R. at 87)[1]  Bouyer did not directly appeal his conviction or sentence.  On October 21, 2008, Bouyer filed an application for writ of habeas corpus in state court, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court. (State Habeas R. at cover) Bouyer filed this federal petition for writ of habeas corpus on March 19, 2009.[2]  As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Bouyer did not timely reply.

## D.  ISSUES

Bouyer claims that his plea was unlawfully induced or involuntary and that he received ineffective assistance of counsel. (Petition at 7)

## E.  STATUTE OF LIMITATIONS

Quarterman argues that Bouyer's federal petition for writ of habeas corpus should be dismissed with prejudice because his claims are time-barred. (Resp't Preliminary Resp. at 3-11) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  The provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] "State Habeas R." refers to the court record of Bouyer's state habeas application no. WR-71,115-01.

[2] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that Bouyer had for filing a timely notice of appeal on April 7, 2007, and closed one year later on April 7, 2008, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Bouyer's state habeas application, filed on October 21, 2008, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Bouyer alleged and demonstrated circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *See Felder v. Johnson*,

3

204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999).

Bouyer's federal petition filed on March 19, 2009, was filed beyond the limitations period and is, therefore, untimely.

## II.  RECOMMENDATION

Bouyer's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 13, 2009.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 13, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 23, 2009.

                                                      /s/   Charles Bleil
                                                      CHARLES BLEIL
                                                      UNITED STATES MAGISTRATE JUDGE